## JOHN McDONOGH *v.* MARTIN GORDON., JR.

A judgment, rendered by a court of competent jurisdiction, against a party who was personally cited, cannot be treated as an absolute nullity.

The plea that a suit is premature, is a dilatory exception, and must be pleaded *in limine litis.*

The Code of Practice does not require the cause of the Judge's recusation to be entered of record. The law requires no notice of recusation to be served.

The Act of the 28th April, 1853, did not prescribe which of the other five District Judges should preside in place of the recused District Judge; therefore *Held:* that either of them is comptent, and that the rules of court, established merely for the convenience of the Judges and of suitors, could not destroy the competency.

APPEAL from the Third District Court of New Orleans, *Augustin,* J. *Grivot,* for plaintiff. *Durant & Hornor,* for defendant and appellant.

SPOFFORD, J. The original judgment in this case was signed on the 28th of June, 1845.

On the 25th May, 1854, the executors of the plaintiff had the defendant cited to show cause why the said judgment should not be revived, pursuant to the mode pointed out by the act of April 30th, 1853, "relative to the prescription of judgments." (Session Acts, p. 250.)

The defendant made default, as he had done in the the original action, and, on the 1st July, 1854, judgment went against him, reviving the former judgment.

In March, 1855, the plaintiffs, made their money by citing the Citizens' Bank in garnishment.

In the following May, the defendant took this devolutive appeal from the judgment of revival, signed on the 1st July, 1854.

He has assigned nine technical objections as errors in the judgment of revival, and eleven more as errors in the judgment revived.

We dismiss the last array first, remarking only that it is quite too late to appeal

from a judgment rendered in 1845, and that.the judgment in question cannot be treated as an absolute nullity, because it was rendered by a court of competent jurisdiction against a party who was personally cited.

The errors assigned against the judgment of revival shall be noticed in their order.

I.    That the Act of 30th April, 1853, is not retroactive, and that it is only after the lapse of nine years, and upwards, from the date of the Act, that proceedings can be had to revive a judgment.

The plea that a suit is premature is a dilatory exception, and must be pleaded *in limine litis.*

But the defendant, as we have stated, made no appearance in the court below, and judgment by default, after personal citation, was .in due time made final against him.

II.    That the Judge of the Third District Court, where the suit was pending, recused himself, without any cause being assigned of record.

The Code of Practice does not require the cause of the Judge's self-recusation to be entered of record, and if the party wished to bring that matter before us, he should have appeared in court, and taken the proper steps to do so.

In the absence of all evidence upon the subject, we will not presume that a District Judge has recused himself without a legal cause.

III.    That no notice of the recusation of the Judge of the Third District Court was served on the defendant.

The law required no such notice to be served upon him. If he wished to know what orders were made in the cause, he could have learned by obeying the citation, and making his appearance in court.

IV.    That the Judge of the Fifth District Court, who rendered the judgment of revival, was incompetent to sit in the Third District Court for the trial of recused cases in the month of June, because, by the rules adopted by the Judges of the six District Courts of New Orleans, that duty fell for that month upon the Judge of the Sixth District Court.

The Act of the 28th April, 1853, sec. 4, (Session Acts, p. 190,) did not prescribe which of the other five Judges should preside in place of the recused Judge; either of them was, therefore, competent. The rules of court, established merely for the convenience of the Judges, and of suitors, could not destroy that competency.

V.    That all the proceedings subsequent to 'the judgment of revival, had by the judicial action of the recused Judge, are null and void.

This is not an appeal from proceedings subsequent to. the judgment, but merely from the judgment itself.

The VI, VII, VIII and IX objections all relate to. the recusation of the Judge of the Third District Court, and have already been answered in speaking of the second error assigned. The appellant not having shown that the Judge did wrong, we will presume that he did right.

The statute of April 30th, 1853, under which the proceedings complained of were had, although probably enacted in the interest of judgment debtors, is well calculated to incite judgment creditors to perpetual diligence in pursuit of their demands.

It declares that any judgment may be revived, as therein provided for, as often. as the party or parties interested may desire.

The defendant complains to no purpose that he is put to unnecessary costs by the zeal of his creditor in availing himself of this remedy some years before the judgment was prescribed. If he wished to avoid the additional costs, he should have paid the judgment.

It is, therefore, ordered, that the judgment appealed from be affirmed, with costs.